# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2010

Lyle W. Cayce
Clerk

No. 09-50536
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALAN MORALES ARMENTA, also known as Yonathan David Montana Morales, also known as Jose Israel Robledo, also known as Yonhatan Montana Morales,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1810-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Alan Morales Armenta was convicted of one count of attempted illegal reentry, one count of having made a false claim of United States citizenship, and three counts of aggravated identity theft. Morales Armenta now appeals his conviction and sentence on one of the aggravated identity theft convictions, namely, Count Five.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To convict Morales Armenta of aggravated identity theft, the Government was required to prove that he "(1) knowingly [transferred, possessed, or] used (2) the means of identification of another person (3) without lawful authority (4) during and in relation to" certain felony violations, including attempted illegal reentry and false claims of citizenship. *United States v. Stephens*, 571 F.3d 401, 404-05 (5th Cir. 2009) (internal quotation marks and citation omitted); *see* 18 U.S.C. § 1028A(a)(1), (c)(2), (10). The term "means of identification" is defined as "any name or number that may be used . . . to identify a specific individual, including any . . . name [or] social security number." 18 U.S.C. § 1028(d)(7). Morales Armenta argues that the Government did not present sufficient evidence regarding the first of these elements, i.e., that he knowingly possessed the Social Security card at issue.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have determined that the Government established all the elements of the offense beyond a reasonable doubt. *See United States v. Ollison,* 555 F.3d 152, 158 (5th Cir. 2009). Trial testimony established that the Social Security card at issue was seized from Morales Armenta on the date of his arrest. The record also shows that a letter was written to the Douglas County (Nebraska) Health Department Vital Statistics requesting a copy of the birth certificate of Jose Israel Robledo and that the attachments to that letter included a photocopy of a Social Security card in the name of Jose I. Robledo and a photograph of Morales Armenta. Trial testimony established that the attached Social Security card was that of the identity theft victim (Robledo) and further that it bore the same name and Social Security number as the Social Security card seized from Morales Armenta. This evidence, viewed in the light most favorable to the verdict, was sufficient to show that Morales Armenta knowingly possessed the name and Social Security number on the Social Security card at issue. *See Ollison,* 555 F.3d at 158.

AFFIRMED.

2